```
United States District Court
Eastern District of New York
```
------------------------------------X

Bouchara Halwani, *et al.*,

        Plaintiffs,                  **Order**

  - against -                        No. 23-cv-3686 (KAM) (PK)

Brightside Health, Inc.,

        Defendant.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

    Bouchara Halwani brought this wrongful death and medical malpractice action individually and as representative of the estate of her deceased daughter, Lara Halwani, against Brightside Health, Inc. ("Brightside Health"), Brightside Medical, P.C. ("Brightside Medical"), Beth Tafuri, LCSW, and Lissa Goldstein, M.D.  Ms. Halwani voluntarily dismissed her claims against Brightside Medical, Dr. Tafuri, and Dr. Goldstein, and she settled her claims against Brightside Health.  The Court approved the settlement in accordance with Local Civil Rule 83.2(b).  (ECF No. 50, Corr. Order; *see also* Order, Aug. 7, 2024.)  The defendants now move to seal paragraphs 7 through 15 of Ms. Halwani's affirmation in support of her motion for settlement approval.  (ECF No. 55-4, Defs.' Mem. Supp. Mot. Seal Portions of Pl.'s Affirmations ("Mot.");

*see* ECF Nos. 38, 39, 41, 43, Affirmation Supp. Mot. Approval of Settlement ("Affirmation.").

The public has a presumptive right of access to judicial documents. *Olson v. MLB*, 29 F.4th 59, 87 (2d Cir. 2022). A document is "judicial" if it would "reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Id.* at 89 (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)). The weight of the presumption depends on the "role of the material at issue" in the exercise of the judicial power and the "resultant value of such information to those monitoring the federal courts" *Id.* at 88-89 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). A court may not seal a judicial document unless the presumption is outweighed by a countervailing interest. *Id.* at 88.

The defendants correctly concede that Ms. Halwani's affirmation, including the nine paragraphs at issue, is a judicial document. (*See* ECF No. 58, Defs.' Reply Supp. Mot. Seal, at 1.) The affirmation was submitted in connection with Ms. Halwani's motion to approve the settlement between herself and Brightside Health. Thus, it had at least a "*tendency* to influence" the Court's ruling on the motion regardless of the

2

extent to which it actually did. *See Olson*, 29 F.4th at 89 (quoting *Brown*, 929 F.3d at 49); *F.P. ex rel. Paino v. Kimberly-Clark Corp.*, No. 23-cv-5798 (HG), 2023 WL 6930677, at *3 (E.D.N.Y. Oct. 19, 2023) (holding that motion papers concerning motion to approve infant compromise under Local Civil Rule 83.2(a) were "judicial documents because they were necessary for the Court's review of the parties' proposed settlement"). Accordingly, the presumption of public access applies to the affirmation, including paragraphs 7 through 15.

The defendants argue, however, that paragraphs 7 through 15 of the affirmation enjoy only a "weak" presumption of public access because they concern Ms. Halwani's allegations against the dismissed and non-settling defendants, not her allegations against Brightside Health, and thus are "not necessary for the public to understand . . . the reasons for the Court's approval of the settlement" between Ms. Halwani and Brightside Health. (Mot. 6-7.)

The Court respectfully disagrees with the defendants' argument. Here, the weight of the presumption of public access is "relatively strong" because the motion to approve the settlement "disposed of the parties' case." *See Paino*, 2023 WL 6930677, at *3. Even assuming that the information in paragraphs 7 through 15 does not directly affect the merits of Ms. Halwani's claims against Brightside Health, it still

3

concerns named defendants and remains part of the course of events that prompted this action. The information that the defendants seek to keep sealed could have influenced how discovery progressed and how the evidence was presented at trial, which contextualizes the parties' respective litigation risks and thus the reasonableness of their settlement. *See Camac v. Long Beach City Sch. Dist.*, No. 09-cv-5309 (MKB) (GRB), 2012 WL 3277228, at *3 n.3 (E.D.N.Y. July 25, 2012) (finding confidentiality interest outweighed by public right of access and "interests in providing a fulsome exploration" of proposed settlement), *R&R adopted*, 2013 WL 991355 (E.D.N.Y. Mar. 13, 2013).

The defendants further argue that any presumption of public access is outweighed by the "privacy interests" of the non-settling defendants. (Mot. 8-10.) The defendants articulate these privacy interests only in conclusory fashion, however, asserting simply that "the references to these dismissed defendants" serve "merely to harass and embarrass them." (*See id.* 9-10.) A "fear of professional embarrassment" or "[g]eneralized concern[s] of adverse publicity" cannot overcome the relatively strong presumption of public access that applies here. *See Lumiere v. United States*, No. 18-cv-9170 (BCM), 2019 WL 6338175, at *2 (S.D.N.Y. Nov. 27, 2019) (quoting *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018)).

4

Though medical privacy can support sealing court filings in some cases, the *patient* – not the provider – is the party with the right to invoke that privacy interest.  *See ABC v. XYZ Corp.*, No. 18-cv-11653 (JGK) (JLC), 2019 WL 1292503, at *6 (S.D.N.Y. Mar. 19, 2019) (denying defendants' request to seal their identities because "unlike [plaintiffs], [defendants] ha[d] no medical privacy or protection of minors claim that would justify a redaction of the business's names"), *R&R adopted*, 2019 WL 1304466 (S.D.N.Y. Mar. 20, 2019).

The defendants next argue that the presumption of public access is overcome because the statements in paragraphs 7 through 15 of Ms. Halwani's affirmation are merely "conclusory, unverified[,] and unsupported allegations."  (Mot. 10-11.) Though public court filings "can be misleading," courts still must presume that they will be "understood for what they are." *Brown*, 929 F.3d at 52.  Here, it is apparent to any reasonable viewer of the docket that Ms. Halwani's statements in paragraphs 7 through 15 of her affirmation were never subject to adversarial testing and "do not reflect the [C]ourt's own findings."  *See id.*  Those statements reflect only Ms. Halwani's view of the facts at the time she made a calculated decision to resolve the case.  The Court cannot act under the assumption that a reader would take Ms. Halwani's statements out of that context.

5

Finally, the defendants argue that the presumption of public access is overcome based on the parties' confidentiality provision in their settlement agreement.  (Mot. 11–13.)  But "the mere fact that information is subject to a confidentiality agreement between litigants is not a valid basis to overcome the presumption in favor of public access to judicial documents." *See Coleman v. Cty. of Suffolk*, 174 F. Supp. 3d 747, 756 (E.D.N.Y. 2016) (quoting *In re General Motors LLC Ignition Switch Litig.*, No. 14-mc-2543 (JMF), 2015 WL 7574460, at *10 (S.D.N.Y. Nov. 25, 2015)).

Regardless of whether the defendants "may have an action for breach of contract" based on Ms. Halwani's "alleged failure to adhere to [her] obligations under the confidentiality agreement," the Court "makes no finding whatsoever on that question," *see Aioi Nissay Dowa Ins. Co. Ltd. v. ProSight Specialty Mgmt. Co., Inc.*, No. 12-cv-3274 (JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012), nor does it retain jurisdiction to resolve any disputes that may arise under the parties' settlement agreement regarding the confidentiality provision or any other matter, *see Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 382 (1994).

Accordingly, because the defendants have not established that the presumption of public access to judicial documents is overcome with respect to paragraphs 7 through 15 of

6

Ms. Halwani's affirmation in support of her motion for settlement approval, the defendants' motion to seal is respectfully denied.

**So ordered.**

Dated:   September 10, 2024
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York